UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH CARDER,** <br> **ROBERT HENRY, AND** <br> **TRAVIS WALLACE** | **CIVL ACTION NO.:** |
| **VERSUS** | |
| **ROGUE ERECTORS, LLC AND** <br> **JAMES MOORE** | |

## COMPLAINT

Plaintiffs, Joseph Carder, Robert Henry, and Travis Wallace are individuals of the full age of majority who bring this complaint against Rogue Erectors, LLC and James Moore stating the following:

*Defendants*

1.

Made Defendants herein and liable unto the Plaintiffs are the following:

- Rogue Erectors, LLC, a Texas limited liability company with its principal place of business in the State of Texas; and

- James Moore, an individual of the full age of majority who is a resident and domiciliary of the State of Texas.

*Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Plaintiffs file this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

3.

In addition to this Court's original jurisdiction over the Plaintiffs' claims arising from the FLSA, this Court has supplemental jurisdiction over the Plaintiffs' Louisiana Penalty Wage Act claims in accordance with 28 U.S.C. § 1367.

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the employment and unlawful payroll actions of Defendants that is the subject of this action occurred in Lake Charles, Louisiana.

*Plaintiffs' FLSA Claims*

5.

The Plaintiffs first begun their employment with Defendants on September 1, 2020.

6.

During the time period relevant to this lawsuit, the Plaintiffs were employed as iron workers brought over from Texas to perform construction related labor for repairing certain facilities that were damaged by Hurricane Laura. The Plaintiffs were to be paid $30.00 per hour plus a $50.00 per diem.

7.

Joseph Carder performed labor for Defendants beginning on September 1, 2020 and ending on September 10, 2020.

8.

Travis Wallace performed labor for Defendants beginning on September 1, 2020 and ending on September 10, 2020.

9.

Robert Henry performed labor for Defendants beginning on September 1, 2020 and ending on September 7, 2020.

10.

The Plaintiffs' work schedule was from 5:00 a.m. through 6:30 p.m.

11.

The Plaintiffs were non-exempt employees of the Defendants because they received an hourly wage.

12.

Plaintiffs would routinely work in excess of 40 hours in a workweek.

13.

Despite the fact that Plaintiffs were non-exempt employees under the FLSA, they were not paid an overtime rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 hours per week. Additionally, Plaintiffs have not been paid for any of their work for the Defendants, as such, Plaintiffs have not been paid the minimum wage of $7.25 per hour.

14.

At all times relevant herein, Defendant James Moore was the managing member of Rogue Erectors, LLC. Upon information and belief, James Moore established the policy not to pay overtime compensation or minimum wages to the Plaintiffs. Additionally, James Moore negotiated and entered into the employment agreements between Plaintiffs and the Defendants.

15.

Rogue Erectors, LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Specifically, Rogue Erectors, LLC performs construction related services between Texas and other states, including but not limited to Louisiana. Rogue Erectors, LLC was engaged specifically in interstate commerce in this action because it sent the Plaintiffs and other workers from Texas into Louisiana to perform construction services.

16.

On information and belief, Defendants Rogue Erectors, LLC has annual revenue that exceeds $500,000.00 for all years relevant to this matter.

17.

On information and belief, Plaintiffs, during and in connection with their employment with Defendants, used equipment, supplies, and instruments that were produced in commerce, including but not limited to heavy equipment and metal.

18.

Defendants are Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendants (1) controlled Plaintiffs' method and manner of work; (2) controlled the schedule for when Plaintiffs would work; and (3) had a much larger investment, in comparison to Plaintiffs, relative to the work performed.

19.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

20.

In addition to not being paid overtime compensation, Plaintiffs have been paid nothing for their work. As such, Defendants are in violation of the minimum wage provisions of the FLSA.

21.

The Defendants have willfully refused to pay Plaintiffs for hours worked in an attempt to extract a higher profit margin for the Defendants.

22.

The Defendants' failure to pay Plaintiffs overtime compensation was unreasonable and lacked good faith, and as such, the Defendants are liable to Plaintiffs for the unpaid overtime compensation, liquidated damages, and reasonable attorney's fees and costs.

### *Plaintiffs' Louisiana Penalty Wage Act Claim*

23.

Plaintiffs incorporate herein the preceding paragraphs as if stated herein for this claim for relief.

24.

La. R.S. 23:631(A)(1)(a) provides the following:

> Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of the employment, whether the employment is

by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

25.

Plaintiffs and Defendants entered into an agreement wherein Defendants would pay Plaintiffs every Tuesday for the work performed the week prior.

26.

Defendants were obligated to pay Plaintiffs on September 8, 2020. Defendants did not pay Plaintiffs on that day.

27.

The next regular payday after the employment of Plaintiffs ceased was September 15, 2020.

28.

On September 15, 2020, Defendants did not pay Plaintiffs.

29.

Plaintiffs have made written and oral demand for their wages. Plaintiffs make additional demand herein with this Complaint.

30.

More than 72 hours have elapsed from the date of demand, and Plaintiffs have still not received their unpaid wages.

31.

The Defendants' refusal to pay the wages to the Plaintiffs was arbitrary, capricious, and unreasonable. Accordingly, Plaintiffs are entitled to penalty wages as defined by La. R.S. 23:632, plus their reasonable attorney's fees and costs.

**WHEREFORE,** Plaintiffs pray that there be service and citation upon the Defendants, and that after all legal delays and proceedings there be a judgment rendered in favor of the Plaintiffs and against the Defendants Rogue Erectors, LLC and James Moore, *in solido*, for accumulated wages at the overtime rate and minimum wage as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Additionally, Plaintiffs pray that there be a judgment rendered in their favor and against Rogue Erectors, LLC for unpaid wages, penalty wages, reasonable attorney's fees, costs of this proceeding, and interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Respectfully Submitted:

*/s/ James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
Brian F. Blackwell, Bar Roll No. 18119
*Blackwell & Bullman, LLC*
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
*Attorney for Plaintiffs*