UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOSEPH CARDER ET AL** | **CASE NO.  2:20-CV-01198** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ROGUE ERECTORS L L C** | **MAGISTRATE JUDGE KAY** |

## RULING ON JUDGMENT OF DEFAULT

Before the Court is a "Motion for Confirmation of Default Judgment" (Doc. 15) filed by Plaintiffs Joseph Carder, Robert Henry and Travis Wallace, through counsel against Defendant Rogue Erectors, LLC, ("Rogue") a Texas juridical entity. Plaintiffs maintain that Rogue has failed to answer or respond to this lawsuit and the time for doing so has lapsed.

## INTRODUCTION

This lawsuit was filed by Plaintiffs to recover unpaid wages pursuant to the Fair Labor Standard Act ("FLSA").  Plaintiffs went to work for Rogue as iron workers shortly after Hurricane Laura devasted Lake Charles, Louisiana and surrounding areas. Plaintiffs allege they began work on or about September 1, 2020. Rogue agreed to pay Plaintiffs $30.00 per hour plus $50.00 *per diem*.

Plaintiffs allege that they were hourly wage earners and thus non-exempt employees under the FLSA. Plaintiff complain that they were not paid one and one-half times their regular rates of pay for all hours work in excess of 40 hours per week. Title 29 U.S.C. §

207(a)(2)(C). In addition, Plaintiffs allege that have not been paid for work they performed for Rogue; consequently, they were not paid the minimum wage of $7.25 per hour.

Plaintiffs further allege that Rogue is in violation of Louisiana Revised Statute 23:631(A)(1)(a) for failure to pay their earned wages. Therefore, Plaintiff are seeking penalty wages as defined by Louisiana Revised Statute 23:632, plus reasonable attorney's fees and costs.

## **PROCEDURAL HISTORY**

Plaintiffs filed suit on September 16, 2020 and Rogue Erectors, LLC was served with summons and a copy of the Complaint on September 22, 2020.[1] On February 22, 2021, Plaintiffs, through counsel, moved for an entry of Default as to Rogue Erectors, LLC.[2] On February 23, 2021, a Clerk's Entry of Default was entered.[3] After the requisite time for setting aside the Entry of Default has lapsed, Plaintiffs filed the instant Motion for Confirmation of Default.[4]

James Moore, the sole member of Rogue was served on February 25, 2021, making his answer due March 18, 2021.[5] Due to Moore's failure to respond to the lawsuit, on March 23, 2021, a "Motion for Default Judgment" was filed against Moore.[6] Moore attempted to file an Answer on March 31, 2021, but the Answer was marked deficient

---

[1] Doc. 3.
[2] Doc. 6.
[3] Doc. 13.
[4] Doc. 15.
[5] See Doc. 14.
[6] Doc. 17.

because the only permissible pleading by a party in default is a motion to set aside a default.[7] As of this date, the deficiency has not been corrected.

Moore's retained attorneys filed a Motion to Withdraw Pursuant to LR 83.2.11 and Motion for Extension of Time to File Motion to Set Aside Default".[8] On April 8, 2021. The basis for the motion was counsel's unsuccessful attempts to communicate with Defendant Moore. The Magistrate Judge Ordered a telephone conference with the parties' counsel and Moore. The telephone conference was held on April 27, 2021; all counsel and Moore participated.[9] The Magistrate Judge explained to Moore that he would be representing himself and that a juridical entity could only be represented by counsel. She further explained the ramifications of self-representation. Finally, the Magistrate Judge allowed counsel for Moore and Rogue to withdraw.[10]

As of this date, neither Moore, nor Rogue have further responded to this lawsuit. The instant Motion for Default Judgment is applicable solely against Rogue.

## **DEFAULT JUDGMENT AGAINST ROGUE**

Plaintiffs move for the Court to render a Default Judgment against Rogue. Plaintiffs have asserted three (3) claims in their Complaint: (1) a violation of the overtime provisions of the FLSA; (2) a violation of the minimum wage provisions of the FLSA; and (3) a violation of La. R.S. 23:631 *et seq.* Each Plaintiff resigned when Rogue failed to pay the

---

[7] Doc. 20.
[8] Doc. 21.
[9] Doc. 23.
[10] Id.

wages earned for the work period.[11] Plaintiffs withdraw their claim for a minimum wage violation under the FLSA due to the payment of some of the wages by Rogue after suit was filed.[12]

Louisiana Revised Statute R.S. 23:631(A)(1)(a) provides the following:

Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount due then under the terms of the employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or not later than fifteen days following the date of discharge, whichever occurs first.

Plaintiffs make a claim for the following:

|  | Mr. Carder | Mr. Wallace | Mr. Henry |
|---|---|---|---|
| **Wages Earned** | $4,875.00 | $4,875.00 | $3,450.00 |
| **Wages Paid** | $4,647.50[13] | $4,152.50[14] | $2,608.75[15] |
| **Overtime Wages Owed** | $227.50 | $722.50 | $841.25 |

29 C.F.R. § 778.315 provides that "compensation for the excess hours of overtime hours work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute have been paid." Partial payment by Rogue was

---

[11] Plaintiffs' exhibits A, B, and C.
[12] Doc. 15, ¶ 8.
[13] Plaintiffs' exhibit A.
[14] Plaintiffs' exhibit B.
[15] Plaintiffs' exhibit C.

applied to the first hour of wages earned resulting in the non-payment of overtime wages. "Under the FLSA, an employer who violates the overtime provisions is liable not only for the unpaid overtime compensation, but also for 'an additional equal amount as liquidated damages.' 29 U.S.C. § 216(b)." *Singer v. City of Waco, Tex.,* 324 F.3d 813, 822 (5th Cir. 2003). Consequently, in addition to the above detailed Overtime Wages owed, Plaintiffs are seeking the following in overtime wages and penalties:

|  | **Mr. Carder** | **Mr. Wallace** | **Mr. Henry** |
|---|---|---|---|
| **Overtime Wages** | $227.50 | $722.50 | $841.25 |
| **Liquidated Damages** | $227.50 | $722.50 | $841.25 |
| **TOTAL** | $455.00 | $1,445.00 | $1,682.50 |

Plaintiffs also seek penalties pursuant to Louisiana Revised Statute 23:632 which provides that if an employer fails or refuses to comply with the provisions of La. R.S. 23:631, he *shall* be liable to the employee for either (1) ninety days wages at the employee's daily rate of pay, or (2) full wages from the time of the employee's demand for payment until the employer pays or tenders the amount of unpaid wages, whichever is the lesser amount.

Plaintiffs calculate the penalties as follows: Plaintiffs were paid $30.00 per hour plus $50 *per diem* and worked 13.5 hours each day.[16] $30.00 X 13.5 = $50.00 = $455.00

---

[16] Plaintiffs' exhibits A, B, and C showing that Plaintiffs' work schedules were from 5:00 a.m. through 6:30 p.m.

X 90 days = **$40,950.00.** Multiply that amount X 3 for each Plaintiff for a total penalty of **$122,850.00.** As of this date, there is no indication that Rogue has paid the full amount of earned wages due. Plaintiffs inform the Court that more than 90 days has lapsed since they made their demand for wages.

Plaintiffs' counsel is further seeking reasonable attorney fees under La. R.S. 23:632 which are ***mandatory*** "when an employee brings a 'well-founded' suit and recovers unpaid wages, irrespective of any equitable defenses that may have been raised." *Berard v. L-3 Communs. Vertex Aero., L.L.C.*, 35 So.3d 334, 345 (La.App. 1 Cir. 2/12/2010). Plaintiffs submit that their suit is well-founded.

Under both 29 U.S.C. § 216 and La.R.S. 23:632(C), Plaintiffs are entitled to recover their attorney's fees and costs. The lodestar method is the means for calculating the attorney's fees owed. *Heidtman v. Cnty of El Paso,* 71 F.3d 1038, 1043 (5th Cir. 1999).

"The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black v. Settlepou, P.C.,* 732 F.3d 492, 502 (5th Cir. 2013).

Counsel for Plaintiffs, James R. Bullman, is in his 8th year of the practice of law and is a partner at Blackwell & Bullman, LLC. Mr. Bullman's hourly rate is $250.00. According to his affidavit and his detailed statement of billable hours and costs, Mr.

Bullman states that he has worked 44.17 hours on this matter for a total of $10,975.00.[17] Counsel also seeks the $400.00 filing fee and $80.00 service fee.

Counsel for Plaintiff notes that if the Court awards the total damages sought herein, Plaintiff's total recovery would total $127,782.50 and the billed hours total of $10,975.00 is a mere 8.5% of Plaintiff's total recovery. Counsel argues that after calculating the lodestar, the Court may enhance or decrease the amount of attorney's fees based on the relative weight of the twelve factors set forth in *Johnson Black, v. Settlepou, P.C.,* 732 F.3d 492, 502 (5th Cir. 2013). Counsel asserts that "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Id.* At 503.

The Court notes that Mr. Bullman has billed each Plaintiff separately for the same services provided. Specifically, Mr. Bullman worked 14.72 hours on this matter. Furthermore, Mr. Bullman's success was due to failure of the Defendant to respond to the lawsuit. In other words, this lawsuit has been uncontested. The Court finds that a reasonable attorney fee would be $10,975.00 for the billable hours, plus the $400.00 filing fee, and $80.00 service fee for a total of $11,455.00.

## **CONCLUSION**

The Court finds that Plaintiffs and counsel are entitled to the following:

---

[17] Plaintiff's exhibit D.

|  | Mr. Carder | Mr. Wallace | Mr. Henry |
|---|---|---|---|
| **Overtime Wages** | $227.70 | $722.50 | $841.25 |
| **FLSA Liquidated Damages** | $227.50 | $722.50 | $841.25 |
| *Per Diem* | $500.00 | $500.00 | $350.00 |
| **La.R.S. 23:632 Penalty** | $40,950.00 | $40,950.00 | $40,950.00 |
| **TOTAL AWARD** | $41,905.00 | $42,895.00 | $42,982.50 |

The Court further finds that a reasonable attorney fee award to counsel, Mr. Bullman is $11,455.00. The Court will grant Judgment: (1) in favor of Joseph Carder and against Rogue Erectors, LLC in the amount of $41,905.00; (2) in favor of Travis Wallace and against Rogue Erectors, LLC in the amount of $42,895.00; and (3) in favor of Robert Henry in the amount of $42,982.50.

**THUS DONE AND SIGNED** in Chambers on this 26th day of May, 2021.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**